## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **NAPOLEON GRAY,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 5:08-cv-279 (HL) |
| | : | |
| **KELLY R. BURKE,** | : | |
| **Houston County District** | : | |
| **Attorney, et al.** | : | |
| | : | |
| Defendants. | : | |

_____

## <u>ORDER</u>

Plaintiff, Napoleon Gray, filed a pro se complaint (Doc. 1) in this Court on August 22, 2008.  Simultaneous with the filing of the complaint Gray filed a Motion to Proceed Without Prepayment of Fees and a supporting Affidavit. (Doc. 2) and a Motion for Appointment of Counsel (Doc. 3).  In an Order entered October 20, 2008, this Court granted Gray's Motion to Proceed Without Prepayment of Fees but directed Gray to amend his complaint.  Gray submitted a timely amended complaint on November 11, 2008.[1]

Section 1915 of Title 28 provides that, notwithstanding any filing fee that may have been paid, a district court must dismiss a case at any time if it determines the

---

[1] Gray also filed a Motion for Leave to Amend the Complaint (Doc. 6).  Because Gray had already been ordered to amend, his request for leave to amend was unnecessary and the Court thus finds that it is moot.

case is frivolous or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Consistent with the provisions of 28 U.S.C. § 1915(e)(2), this Court has reviewed Gray's complaint to determine if it should be allowed to go forward. As more fully set forth below, the Court finds the complaint is subject to dismissal pursuant to § 1915(e)(2)(B).

**A.    Summary of the Complaint**

In his complaint, as amended, Gray has named the following as Defendants: Kelly R. Burke, Houston County District Attorney; Officer Tracy Fold; Officer John Harvard; Officer Keith Edward; Officer Mark Tinney; Terry Everett, Houston County Public Defender; Houston County; the City of Perry; the City of Warner Robins, and John Doe, Sheriff of Houston County. In his complaint, as amended, Gray narrates a series of run-ins that he has had with Kelly Burke and the law enforcement agencies in Houston County, Georgia, dating back to 1995.  He contends his problems began when he observed Kelly Burke in a compromising position with Gray's former sister-in-law.  Gray details several arrests and other incidents occurring  in Houston County through 2001.  The suggestion underlying Gray's complaint is that Burke set out to harass him because of what Gray saw in 1995.

Gray makes one reference in his complaint to an incident occurring more recently than 2001.  He states that Burke "prosecuted [Gray] in 2008 by contacting the DA in Baldwin County to put a clause in my probation while I was not on

probation in Houston County." (Am. Compl. at 3.) He claims that Burke "is using his job title to prosecute me to violate[] my rights to a fair hearing knowing that it was a confli[c]t of int[e]rest." (Am. Compl. at 3.)

With regard to some of the other Defendants, Gray details events that occurred in 1996, when law enforcement officers came to his home to investigate a report of a fight. He claims that during this event he was wrongfully arrested and, in the course of the arrest, subjected to excessive force by Defendants Edwards, Harvard, Fold, and Tinney. He contends that during this event, he called Captain Ezel at the Houston County Jail and informed him of what was happening but was forced to hang up the phone by Defendant Tinney. He further alleges that they made false accusations against him and that he was forced to stay in jail for months so that they could protect themselves. Gray acknowledges that there might be a "time issue" in his case, but asks that the limitations period on his claims be tolled during the time he was in jail. (Am. Compl. at 8.)

With respect to the Governmental entities, Houston County, the City of Perry, and the City of Warner Robins, Gray says that his rights were violated in the City of Perry and the City of Warner Robins and in Houston County and asserts the following: "The rule and law of the courts states that I can sue the City and County which any of my vi[o]lation of my rights [occurred] by someone a county, city or government office title." (Am. Compl. at 29.) It thus appears that Gray is alleging respondeat superior liability as to these governmental entities. Gray has also named

3

"John Doe Sheriff of Houston County" as a Defendant and similarly seeks to impose respondeat superior liability on this Defendant.  Finally, Gray has named Terry Everett, a Houston County Public Defender, as a Defendant.

## B.    Conclusions of Law

Because Gray has elected to separate his complaint into various parts--claims against Burke, claims against the law enforcement officers, claims against John Doe, Sheriff, claims against the other governmental entities, and claims against Everett–the Court will address his claims similarly.

### 1.    Claims Against Kelly Burke

In order for Gray to maintain this action in federal court, he must establish federal jurisdiction.  Gray apparently intends to bring this action under 42 U.S.C. § 1983 as no other possible basis for federal jurisdiction suggests itself from the complaint.  Gray apparently contends that Burke violated his federal rights in 1995, 1996, 1997, and 2001 by prosecuting Gray not because he committed criminal offenses, but because of what Gray allegedly observed in 1995.  Assuming that such claims would otherwise be cognizable under § 1983 pursuant to some type of malicious prosecution theory, those claims are barred.

In the context of a Fourth Amendment malicious prosecution claim that arose in Georgia, the United States Court of Appeals for the Eleventh Circuit has held that to state a cause of action for malicious prosecution, "a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of

the accused." <u>Uboh v. Reno</u>, 141 F.3d 1000, 1004 (11th Cir. 1998).  A cause of action for malicious prosecution begins to accrue on the date on which the favorable termination occurs.  <u>Id.</u> at 1006.  The statute of limitations for a malicious prosecution claim brought pursuant to § 1983 in Georgia is two years.  <u>Id.</u> at 1003.

In support of his claims, Gray has submitted documents detailing the disposition of some of the charges brought against him.  For example, one of his documents shows that charges of aggravated assault and simple battery, brought against him in early September of 1995, were dismissed on September 26, 1995. Any cause of action Gray might have had for malicious prosecution as to this charge thus expired in September of 1997, two years after a favorable termination of the criminal proceeding.  Thus as to the 1995 criminal charges brought against Gray, the record affirmatively demonstrates that any claims for malicious prosecution that he might have had are time-barred.  Although Gray contends that the limitations period should not apply because he was in prison, the Court finds that this does not provide a basis for tolling the limitations period on his civil rights claim.

Gray's other claims of malicious prosecution are also barred because, as to them, Gray has failed to allege that the criminal proceedings as to which he was allegedly wrongfully prosecuted terminated in his favor.  In the absence of any allegations as to this essential element, Gray's complaint fails to state a claim with respect to his arrests in 1996, 1997, and 2001.

Unlike the foregoing claims, which allegedly occurred in Houston County

where Burke serves as the district attorney, the 2008 claim arose in Baldwin County and thus was not prosecuted by Burke.  Nevertheless, this claim would appear to be one for malicious prosecution.  Relying on Georgia law for the definition of malicious prosecution, the Eleventh Circuit has defined malicious prosecution as a "criminal prosecution which is carried on maliciously and without probable cause." Uboh, 141 F.3d at 1004 (citing O.C.G.A. § 51-7-40).   Here, the Court construes Gray's allegations to be that a criminal prosecution was carried on in Baldwin County without probable cause and as a result of the malicious conduct of Burke.  Thus, as with the previously discussed claims for malicious prosecution, in order to maintain a claim against Burke for his conduct related to the 2008 criminal proceeding, Gray must show that the criminal proceeding terminated in his favor.  Gray has provided no information as to the status of the 2008 criminal proceeding.  In fact, it may be that it is still an ongoing criminal matter.

In the event that the 2008 criminal proceeding arising from Burke's alleged conduct is still an ongoing criminal matter, Gray would be barred from bringing a claim as to it here pursuant to the doctrine set forth in the decision of the Supreme Court of the United States in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994).  In Heck, the Court directed that, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487, 114  S. Ct. at 2372.  Here, Gray's allegations are that Burke

wrongfully contacted the district attorney in Baldwin County "to put a clause in my probation while I was not on probation in Houston County." (Am. Compl. at 3.) The Court understands Gray's allegations to be that Burke lied to the district attorney in Baldwin County, resulting in an unlawful sentence for Gray. If Gray's allegations here were to result in a successful judgment in his behalf, the fact of the judgment would necessarily imply that the sentence he received in Baldwin County was invalid.

Because a judgment in favor of Gray in this case as to his allegations concerning his sentence in Baldwin County in 2008 "would necessarily imply the invalidity of his conviction or sentence," Gray's complaint must be dismissed unless he "can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487, 114 S. Ct. at 2372. Gray's complaint, as amended, offers nothing by which the Court can ascertain the status of the case brought against him in Baldwin County in 2008. As a result, the Court finds that Gray's claims insofar as they relate to charges still pending against him in Baldwin County in 2008, are barred by the doctrine set forth in Heck.

**2.    Claims Against Edwards, Harvard, Fold, and Tinney**

Gray's claims against Edwards, Harvard, Fold, and Tinney are confined to one arrest in 1996 in which Gray alleges these officers came to his home, pushed him around, then slammed him to the floor, kicked him, and then hog-tied him and carried him out to the police car. Gray thus appears to be making claims of excessive force

7

against these officers.

The limitations period for filing a section 1983 claim is controlled by state law. Wilson v. Garcia, 471 U.S. 261, 266, 105 S. Ct. 1938, 1942 (1985). In Georgia, the proper limitations period for a section 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33. Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under section 1983, federal law determines the date of accrual. Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when the plaintiff knows or has reason to know that he was injured, and he is or should be aware of who injured him. Id. at 562; Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir.1987).

Applying the foregoing principles to the facts alleged in Gray's complaint, as amended, it appears that any cause of action for a § 1983 claim against these officers accrued in 1996. Gray then had two years from the date when the claim accrued in which to file his § 1983 claim. Having waited until 2008 to file his claims, they are now time-barred. Moreover, Gray has offered nothing more than his vague claim that he was in prison to suggest that there was an impediment to his ability to timely file his lawsuit and thus offers no basis on which this Court could find that the time in which to file was equitably tolled. Accordingly, Gray's claims against Edwards, Harvard, Fold, and Tinney are barred by the statute of limitations and, therefore, subject to dismissal.

### 3.     Claims Against the Governmental Entities

Gray has named Houston County, the City of Perry, and the City of Warner Robins as Defendants.  As to them, he says only this: "[T]he rule of law of the courts states that I can sue the city and county which any of my vi[o]lation of my rights [occurred] by someone a county city or government office title."  (Am. Compl. at 28.) This is not an accurate statement of the law.

Local governments can be subject to § 1983 liability only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2108, 2037-38 (1978).  Local government liability may not be predicated on a theory of respondeat superior. Rather, a plaintiff seeking to succeed on such a claim must show that a government policy or practice is the "moving force of the constitutional violation" at issue. Id. at 694, 98 S. Ct. at 2038. Gray's amended complaint fails to allege that a policy or custom implemented by any of the governmental entities was the moving force of his injuries.

Moreover, insofar as Gray's claims against these governmental entities arise from events involving Burke in 1995, or the individual officers in 1996, these claims would be barred by the two-year limitations period for such § 1983 claims.  Similarly, any claims against the governmental entities arising from allegations of malicious prosecution would be subject to dismissal for failure to state a claim, inasmuch as

Gray has failed to allege that those claims terminated in his favor.  Accordingly, Gray's claims against Houston County, the City of Perry, and the City of Warner Robins are dismissed.

### 4.      Claims Against John Doe, Sheriff of Houston County

Gray's allegations against the unnamed Sheriff of Houston County are that he knew of the violations by his officers but failed to correct them.  (Am. Compl. at 28.) Gray does not appear to allege that the Sheriff participated in the wrongful activity, but only that he knew of it and failed to act upon it.  Gray's claims thus appear to be against the unnamed Sheriff only in his official capacity.

Pursuant to the decision of the Eleventh Circuit in Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003), a sheriff is an arm-of-the-state "in establishing use-of-force policy at the jail and in training and disciplining his deputies in that regard," and is therefore entitled to Eleventh Amendment immunity as to claims brought against him in his official capacity.  Id. at 1328.  Accordingly, all claims against the unnamed Sheriff in his official capacity are dismissed for want of jurisdiction.  See McLendon v. Ga. Dep't of Cmty. Health, 261 F.3d 1252, 1256 (11th Cir. 2001) (stating federal courts lack jurisdiction to entertain claims that are barred by the Eleventh Amendment).

To the extent that Gray is attempting to bring claims against the unnamed Sheriff in his individual capacity, for the claims of excessive force occurring in 1996, such claims would be barred by the statute of limitations just as the statute of

limitations bars Gray's claims against Edwards, Harvard, Fold, and Tinney. Therefore, all claims against the unnamed Sheriff, whether brought in his official or individual capacity, must be dismissed.

### 5.   Claims Against Terry Everett

Gray alleges that the public defender who represented him in his criminal proceedings in 1997 handled his case improperly.  His allegations against Terry Everett are that she tried to cover up "the mess" that the public defender made. Gray apparently contends that Everett's conduct implicated his ability to defend himself in the criminal proceedings in which he was embroiled. The Court  thus construes Gray's claim against Everett to be a claim for abuse of process.

Although not clearly defined, the courts appear to recognize a federal claim for abuse of process.  *See* Uboh, 141 F.3d at 1003.  The rights violated by abuse of process conduct are generally rights protected by the Fourth Amendment.  Id.  Thus, as with malicious prosecution claims, claims for abuse of process must be brought within two years of the date on which they accrue.  *See* id.  Here, it appears from the amended complaint that Gray knew in 1997 that some conduct on the part of Terry Everett allegedly resulted in a deprivation of his rights.  He thus had until 1999 in which to bring a § 1983 claim against Everett for the violation of those rights. Therefore, his claims brought against Everett in 2008 are barred by the statute of limitations and are subject to dismissal.

### C.   Summary

Because the Court's review of the complaint, as amended, reveals that Gray's amended complaint fails to state a claim on which relief may be granted, it does not withstand initial review.   Accordingly, the complaint, as amended, is hereby dismissed.   In view of the foregoing, Gray's Motion for Appointment of Counsel (Doc. 3) is denied.   Gray's Motion for Leave to Amend the Complaint (Doc. 6) is moot.

**SO ORDERED**, this 27th day of February, 2009.

*s/  Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls